CONCURRING OPINION BY JUDGE COSGROVE I join the exceptionally well-written Majority opinion in its entirety. I write separately to emphasize the danger posed by administrative directives which require an agency to have actually received a particular item before giving that item effect. In this case, without regulatory, statutory, or case law support, the State Employees’ Retirement System (SERS) argued that Lynn D. Wilson’s (Mr. Wilson) change of retirement option should be rejected because, although Mr. Wilson properly executed and actually mailed the change form, it was not received by SERS prior to his death. Discounting this argument, the Majority correctly notes that nothing impeded the change request from taking effect prior to actual receipt by SERS. Mr. Wilson did all he could to have his wishes carried out by completing the necessary form and dropping it in the mail. Others in his and similar situations, i.e., where an individual seeks a benefit or service to which he or she is allowed, follow that same process countless times each week. But how, when, where (or if) the designated recipient agency actually “receives” the item is another question. In the entangled bureaucratic webs which encircle state agencies it may be difficult, with any level of certainty, to determine what exactly constitutes “receipt” and whether something which must be received by a certain date was actually “received” on time, if at all. In the present case, despite SERS’ best effort, the Majority recognized that Mr. Wilson’s wishes did not need a receipt by SERS for them to be effective. Had the Majority said otherwise, however, and in the face of specific requirements in other administrative areas, see, e.g., 1 Pa.Code § 31.11, a separate and even constitutional due process problem may have arisen. In those areas where receipt remains administratively required, this potential problem can be avoided through an understanding of the present Majority’s logic, as well as recognition and administrative adoption of “[t]he venerable common law ‘mailbox rule.’ ” Commonwealth v. Thomas, 814 A.2d 754, 758 (Pa. Super. 2002). This would avoid the problem SERS tried to create here, a problem which potentially lurks elsewhere in our administrative machinery.